UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                       :

ANA I. MUNIZ and ANGEL MUNIZ,         :
individually and on behalf of a class,        :

                                         :        11 Civ. 8296 (PAE)

                       Plaintiffs,     :

                                         :        <u>OPINION & ORDER</u>

                -v-                      :

                                         :

BANK OF AMERICA, N.A.,            :

                                         :

                      Defendant.     :

                                         :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

       In their putative class action Complaint, Plaintiffs Ana and Angel Muniz (the "Munizes")

allege that Defendant Bank of America, N.A. ("BOA") sent them and other similarly situated

individuals a debt collection notice that was in violation of the Fair Debt Collection Practices Act

("FDCPA" or the "Act"), 15 U.S.C. § 1692 *et seq.*  They seek damages, declaratory relief, and

injunctive relief.  BOA moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for

failure to state a claim.  For the reasons discussed herein, BOA's motion is granted.

**I.**     **Factual Background**[1]

       The Munizes allege that, in or about July 2011, BOA sent them a letter (the "Letter")

"demanding payment" of a $496,678.90 debt owed by the Munizes.  Compl. ¶ 16, Ex. A.  The

return address indicated that the letter came from "Bank of America – Home Loans."  *Id*. at Ex.

A.

---

[1] The Court's account of the underlying facts in this case is drawn from the Complaint
("Compl.") (Dkt. 1), and the exhibit attached thereto.  On a motion to dismiss, the Court takes all
facts pleaded in the Complaint as accurate.

BOA's Letter, attached to the Complaint as Exhibit A, stated, in pertinent part:

IMPORTANT MESSAGE ABOUT YOUR LOAN

Effective July 1, 2011, the servicing of home loans by our subsidiary—BAC Home Loan Servicing, LP, transfers to its parent company—Bank of America, N.A.  Based upon our records as of June 27, 2011, the home loan account noted above is affected by this servicing transfer.  The information contained in this communication does not change or affect any other communications you may have received or will receive regarding this servicing transfer.

IMPORTANT ADDITIONAL INFORMATION

Under the federal Fair Debt Collections [sic] Practices Act and certain state laws, Bank of America, N.A. is considered a debt collector.  As a result, we are sending you the enclosed Fair Debt Collection Practices Act Notice containing important information about your loan and your rights under applicable federal and state law.

*Id*.  The bottom of the first page added:

**Bank of America, N.A. is required by law to inform you that this communication is from a debt collector attempting to collect a debt, and any information obtained will be used for that purpose**.

*Id*. (emphasis in original).  The Letter went on to inform the Munizes of the amount then

owed on their loan.[2]  It then stated:

Fair Debt Collections [sic] Practices Act and State Law Notice

The servicing of your home loan was transferred to Bank of America, N.A., effective July 1, 2011. Bank of America, N.A. is required by law to advise you of the following:

(1.) Under the federal Fair Debt Collections Practices Act and certain state laws, Bank of America, N.A., is considered a debt collector.  Bank of America, N.A. must provide certain information to you in order to make sure you are informed when a communication is related to a debt.  The purpose of this letter is therefore to provide you with information required by law, including the amount of the debt.

(2.) Debt Validation Notice:

---

[2] Although the Letter recited the amount owed ($496,678.90), contrary to the Munizes' claim, it did not anywhere "demand payment."

. . .

b) "The name of the creditor to whom the debt is owed [is]: BANA(TX LP)GOV'T ISTLIENS CIG." *Please note that unless Bank of America is listed in 2(b) as the creditor of your loan, Bank of America, N.A. does not own your loan and only services your loan on behalf of your creditor, subject to the requirements and guidelines of your creditor.*

*Id.* (emphasis in original).

The Munizes' Complaint is sparse—its substantive allegations consist of three paragraphs spanning four sentences.  It alleges that this Letter violated the FDCPA, 15 U.S.C. § 1692g(a)(2), because the representation that "BANA(TX LP)GOV'T ISTLIENS CIG" was the creditor to whom the debt was owed was false.  *Id.* ¶ 18.  The Munizes do not, however, state who the true creditor was.  *See generally* Compl. ¶¶ 16–18, Ex. A.

BOA has moved to dismiss the Complaint, for three independent reasons: (1) the FDCPA does not apply to BOA because BOA is not a "debt collector" as defined by the statute; (2) the Letter was merely informational, reporting a change in the entity servicing the Munizes' loan, and did not either contain a demand for payment or attempt to collect a debt; and (3) in any event, there was no violation of the statute, because the Letter correctly identified BOA as the creditor on the Munizes' loan, *i.e.*, the investor on that loan.  Def.'s Mem. of Law in Supp. of Mot. to Dismiss ("Def.'s Mem.") 1 (Dkt. 7).  Because the Court holds that BOA is not a "debt collector" under the FDCPA, the Court grants BOA's motion.

## II.    Applicable Legal Standards

On a motion to dismiss, the Court must accept the factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Court may look to the pleadings as well as to any documents relied upon in the pleadings.  *See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*,

62 F.3d 69, 72 (2d Cir. 1995).  To survive a motion to dismiss, a plaintiff must plead sufficient

factual allegations "to state a claim for relief that is plausible on its face," *Twombly*, 550 U.S. at

570, meaning that the complaint must include "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged," and not merely an

"unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009).  Further, "threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id.*  Ultimately, where the plaintiff's claims have not

been "nudged . . . across the line from conceivable to plausible, [the] complaint must be

dismissed." *Twombly*, 550 U.S. at 570.

## III.     Discussion

### A.  The Fair Debt Collection Practices Act

Congress enacted the FDCPA in 1977 in response to evidence of widespread abuses in

debt collection.  "Less ethical debt collectors," Congress found, "threaten[ed] consumers with

violence, use[d] profane or obscene language, ma[de] telephone calls at unreasonable hours,

impersonate[d] public officials and lawyers, disclose[d] debtors' personal affairs to employers

and engage[d] in other sorts of unscrupulous practices."  *See Russell v. Equifax A.R.S.*, 74 F.3d

30, 33 (2d Cir. 1996) (citing S. REP. No. 95–382, at 2 (1977), *reprinted in* 1977 U.S.C.C.A.N.

1695, 1696) ("Senate Report").  The Act aimed to eliminate such practices, including by barring

the use of any "false, deceptive, or misleading representation or means in connection with the

collection of any debt."  15 U.S.C. § 1692e(10).  The FDCPA also mandates certain affirmative

disclosures to consumers regarding the amount of their debt, the identity of their creditor, and the

channels available to consumers to dispute their debt.  *See* 15 U.S.C. § 1692g.  These disclosures

are to be made "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt." 15 U.S.C. § 1692g.

Relevant here, Section 1692g of the FDCPA requires a "debt collector" to provide the debtor with a detailed "validation notice."[3] 15 U.S.C. § 1692g; *Russell*, 74 F.3d at 34. Specifically, the debt collector must notify the debtor of "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). The statute defines "debt collectors" as persons engaged in "any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Two limitations on the definition of "debt collector" are relevant to the pending motion to dismiss. First, only entities collecting debts due to another qualify as "debt collectors"; the Act does not extend to creditors seeking to collect on debts owed to themselves. *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 735 (6th Cir. 2007) (holding that Discover was "clearly not a 'debt collector'" under the FDCPA because Discover was the "very party to whom the debt was due"); *see also Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) (noting that creditors and creditors' in-house collection agencies are generally not "debt collector" under the FDCPA); *Zirogiannis v. Dreambuilder Invs. LLC*, 782 F. Supp. 2d 14, 19 (E.D.N.Y. 2011) ("In general, courts have held that 'debt collectors' must satisfy the obligations of the FDCPA,

---

[3] A validation notice must set forth: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that, if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g.

but that 'creditors' are exempt from the statute's requirements."); *Somin v. Total Cmty. Mgmt. Corp.*, 494 F. Supp. 2d 153, 160 (E.D.N.Y. 2007) ("Since the Bank was not collecting the debt 'of another,' it is not a proper defendant under the FDCPA.").  The distinction between creditors and external debt collectors reflects Congress's judgment that debt collectors were more likely than creditors to engage in abusive practices:  Whereas creditors seeking to recover their own debts are apt to be restrained by their desire to maintain a good relationship with the consumer, a third-party debt collector does not have the same inhibition.  *See Bleich v. Revenue Maximization Grp.*, 239 F. Supp. 2d 262, 264 (E.D.N.Y. 2002).  *Compare* 15 U.S.C. § 1692a(6) (defining "debt collector"), *with* § 1692a(4) (defining "creditor").

Second, the FDCPA excludes from the definition of "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person."  15 U.S.C. § 1692a(6)(F); *see also* Senate Report 3–4 ("The committee does not intend the definition [of debt collector] to cover . . .  mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing.").  Thus, companies or persons that service debts acquired before a customer default are not "debt collectors."  15 U.S.C. § 1692a(6)(F)(iii); *see also Costigan v. CitiMortgage, Inc.*, No. 10-cv-8776, 2011 WL 3370397, at *5 (S.D.N.Y. Aug. 2, 2011).  "'[U]nder [section] 1692a(6)(F)(iii), the classification of debt collector depends upon the status of a debt, rather than the type of collection activities used.'"  *Costigan*, 2011 WL 3370397, at *5 (quoting *Alibrandi v. Fin. Outsourcing Servs.*, 333 F.3d 82, 86 (2d Cir. 2003)).  Thus, where the debt at issue was not in default at the time it was obtained by the defendant, the defendant, in seeking repayment, is not a "debt collector" and is not subject to regulation under the FDCPA.  *Franceschi v. Mautner-*

*Glick Corp.*, 22 F. Supp. 2d 250, 254 (S.D.N.Y. 1998) (holding that a landlord and management agent were not "debt collectors" under the FDCPA, because they had obtained the right to collect the tenant's rent before it became overdue).

**B.  Analysis**

BOA argues that, for two reasons, it is not a "debt collector" within the meaning of the Act.  First, BOA states, it is not a collector of third-party debts, but a widely recognized national bank primarily engaged in lending and the servicing of loans.  Second, BOA argues that the Munizes' loan was not in default at the time it was acquired by BOA, and thus BOA falls outside the definition of "debt collector" in 15 U.S.C. § 1692a(6)(F)(iii).  The Court addresses these arguments in turn.

BOA is quite correct that, in numerous cases, district courts have rejected claims that it functions as a debt collector under the FDCPA.[4]  And the bulk of the Letter is consistent with BOA's claim that, as to the Munizes' debt, it functioned simply as a creditor, servicing the Munizes' debt in the ordinary course of its business.  Complicating this argument in favor of dismissal, however, are two representations within the Letter that appear to indicate a different role for BOA.  First, the Letter states:  "Under the federal Fair Debt Collections [sic] Practices Act . . . Bank of America, N.A. is considered a debt collector."  Compl. Ex. A, at 1.  Second, the Letter states, in line 2(b), that "the name of the creditor to whom the debt is owed [is]:

---

[4] *See Bernardi v. JPMorgan Chase Bank, N.A.*, No. 5:11-cv-04212, 2012 WL 2343679, at *3 (N.D. Cal. June 20, 2012) ("The defendants in this case [JPMorgan Chase Bank, N.A. and Bank of America, N.A] . . . are not 'debt collectors' as that term is defined by the [FDCPA].");  *Tutanji v. Bank of Am.*, No. 12-cv-887, 2012 WL 1964507, at *3 (D.N.J. May 31, 2012) ("Bank of America is not a 'debt collector' under [the] FDCPA . . . .");  *Rispoli v. Bank of Am.*, No. 11-cv-362, 2011 WL 3204725, at *3 (W.D. Wash. July 1, 2011) ("Under the applicable authority, Bank of America cannot be considered a 'debt collector' for purposes of the FDCPA.");  *Knobbe v. Bank of Am., N.A.*, No. 8:05-cv-489, 2007 WL 2822750, at *6 (D. Neb. Sept. 26, 2007) ("Bank of America is not a 'debt collector' and thus has no FDCPA liability.").

BANA(TX LP)GOV'T ISTLIENS CIG," and, it adds immediately thereafter, "unless Bank of America, N.A. is listed in 2(b) as the creditor of your loan, Bank of America, N.A. does not own your loan and only services your loan on behalf of your creditor[] . . . ." *Id*. at line 2(b). Although these references may well have been inadvertent, vestigial, or otherwise inaccurate, at this stage, the Complaint and exhibits thereto must be read in the light most favorable to the Munizes.  BOA's express admissions in the Letter to the Munizes that it was functioning as a "debt collector," and its representation that another entity, *i.e.*, not BOA, was the creditor, precludes dismissing the Complaint at this stage based on BOA's factual claim that BOA in fact functioned, as to the Munizes, as a creditor, not a third-party debt collector.

The analysis, however, does not end there.  Even assuming *arguendo* that BOA was attempting to collect a debt owed to a separate entity, the FDCPA, as explained earlier, would apply only if the Munizes' debt was in default at the time it was acquired by BOA.  *See* 15 U.S.C. § 1692a(6)(F)(iii); *see also Costigan*, 2011 WL 3370397, at *9; *Thomas v. JPMorgan Chase & Co.*, 811 F. Supp. 2d 781, 801–02 (S.D.N.Y. 2011) ("[T]he [complaint] does not allege that the loans of the named plaintiffs were in default at the time Chase 'obtained' those loans. As a result, Chase is excluded from the definition of 'debt collector' under the statute."); *Zirogiannis*, 782 F. Supp. 2d at 19–20.  *Costigan* is particularly apposite:  The court there dismissed an FDCPA claim, holding that CitiMortgage was not liable under the FDCPA where the plaintiff failed to allege that his "loan was in default at the time Citi [the servicer of the loan] 'obtained' that loan."  *Costigan*, 2011 WL 3370397, at *9.  Other circuits agree that, under Section 1692a, an entity is not a debt collector under the FDCPA if the debt it is attempting to collect was not in default at the time it acquired that debt.  *See F.T.C. v. Check Investors, Inc.*, 502 F.3d 159, 173 (3d Cir. 2007); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th

Cir. 2003); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106–07 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

The Munizes' Complaint nowhere alleges that the debt was in default as of July 2011. And the Letter, which is attached to the Complaint, does not state (nor may it plausibly be read to imply) that the debt was then in default. The Court rejects the Munizes' suggestion that the Letter can be thus read. *See* Memorandum of Law in Opposition to Defendant's Motion to Dismiss Complaint ("Opp'n Mem.") 6 (Dkt. 10). The most that can be gleaned from the Letter regarding the status of the Munizes' debt is that "[a]s of June 27, 2011," the Munizes "owe[d] $496,678.90." *Id.* But that language falls short of even being equivocal as to whether the loan owed by the Munizes was then in default. In the Court's assessment, absent other indications in the Letter suggesting that the loan was in default, the more natural reading of that language is, simply, that the Munizes then owed that amount of money on an active (non-defaulted) loan. Furthermore, the Letter's statement that "[t]he servicing of your home loan was transferred to Bank of America, N.A., effective July 1, 2011" very strongly indicates that the loan was *not* then in default, but was still being serviced in the ordinary course. *Id.* And the Second Circuit has rejected the argument that a debt is in default under the FDCPA as soon as it is due. *See Alibrandi*, 333 F.3d at 86 ("[a]lthough classifying a debt as in default immediately after it first becomes due may have a certain facile appeal, this approach is at odds with how the term is generally understood").

Accordingly, because plaintiffs fail to adequately allege that the loan was in default, they fail to allege that BOA is a "debt collector" under the FDCPA.

Because the Court so holds, it has no occasion to reach BOA's alternative arguments for dismissal.

9

### C.  Leave to Replead

"When a claim is dismissed because of pleading deficiencies, the usual remedy is to permit a plaintiff to amend its complaint."  *A.I.B. Express, Inc. v. FedEx Corp.*, 358 F. Supp. 2d 239, 254 (S.D.N.Y. 2004).  Federal Rule of Civil Procedure 15(a) instructs that courts "should freely give leave [to amend a complaint] when justice so requires."  However, "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–01 (2d Cir. 2007).  Amendment is futile if an amended complaint would fail to state a claim on which relief could be granted.  *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("[W]here, as here, there is no merit in the proposed amendments, leave to amend should be denied.")

Here, the Munizes forewent the opportunity to amend their original Complaint.[5]  In its discretion, the Court will permit the Munizes to amend, to attempt to cure the deficiency that the Court has identified.  *Cf. Zirogiannis*, 782 F. Supp. 2d at 19–20.  However, inasmuch as the Letter itself does not state or imply that the loan was in default at the time it was acquired by BOA, and in fact implies the contrary, it will not be sufficient in an amended complaint for the Munizes merely to make a conclusory allegation that the loan was then in default.  *See Iqbal*, 556 U.S. at 678 ("mere conclusory statements[] do not suffice" to withstand a motion to dismiss).

---

[5] This Court's Individual Rules & Practices in Civil Cases provide:  "When a motion to dismiss is filed, the non-moving party must, within ten days of receipt of the motion, notify the Court and its adversary in writing whether (1) it intends to file an amended pleading and when it will do so, or (2) it will rely on the pleading being attacked. If the non-moving party elects not to amend its complaint, no further opportunities to amend will be granted and the motion to dismiss will proceed in the regular course." Judge Paul A. Engelmayer's Individual Rules and Practices in Civil Cases, Rule 3.F, *available at* http://www.nysd.uscourts.gov/cases/show.php?db=judge_info & id=568.  Following the filing of the motion to dismiss, the Munizes chose, rather than amend, to rely on the pleading being attacked.

Rather, to survive a motion to dismiss on this ground, in an amended complaint, the Munizes must allege with particularity facts that support a claim that the loan was in default at the time it was acquired by BOA (*e.g.*, by attaching or quoting from a notice of default).

## CONCLUSION

For the reasons set forth above, BOA's motion to dismiss the Complaint is hereby granted, without prejudice to plaintiffs' right to file an amended complaint consistent with the discussion herein.  If an amended complaint is not filed within 30 days of the date of this Order, the Court will dismiss this case with prejudice.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: July 13, 2012
       New York, New York